# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| PERCY TWAIN BARBER, et al. § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:21-CV-539 |
| § | |
| S.D.B. DEVELOPMENT, L.P., et al., § | |
| § | |
| *Defendants.* § | |
| § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States District Court for the Eastern District of Texas, United States District Judge Michael J. Truncale referred this matter to the undersigned United States magistrate judge for pretrial proceedings. Pending before the court is Defendants' Motion to Dismiss pursuant to 12(b)(1), 12(b)(6), and 12(c). (Doc. #36.)

### I. Plaintiffs' Claims and Procedural History

On October 28, 2021, Plaintiffs Percy and Maria Barber, proceeding *pro se*, filed their complaint against Defendants S.D.B Development, L.P., a Texas Limited Partnership, S.D.B. President Stephen D. Brown (hereafter, "SDB Defendants"), the Law Offices of Thomas J. Burbank, and Attorney Thomas J. Burbank (hereafter, "Burbank Defendants"). (Doc. #1.) According to the First Amended Complaint, the claim arises from the foreclosure sale of Plaintiffs' property on or about November 2, 2021. (Doc. #31, at 3.) Plaintiffs seek monetary damages of $500,000.00 as relief. (Doc. #31, at 6.)

Plaintiffs purchased a home from SDB Defendants in 2011. (Doc. #31, at 3.) SDB Defendants transferred the property to Plaintiffs via a general warranty deed with vendor's lien, and Plaintiffs executed a real estate lien note. (Doc. #31, Ex. B.) According to the complaint, in September 2021, Plaintiffs received a notice of intent to accelerate the debt on the property after Plaintiffs missed a payment. (Doc. #31, at 3; Doc. #24, at 1; Doc. #1, Ex. B.) The notice from the Burbank Defendants advised Plaintiffs that they were attempting to collect a debt and advised Plaintiffs of certain rights they had under the Fair Debt Collection Practices Act, including their right to dispute the debt. (Doc. #1, Ex. B.) Plaintiffs assert they disputed the debt and requested validation on October 4, 2021, but never received any response to their request. (Doc. #24, at 1.) Thereafter, Defendants foreclosed on the property through a trustee's sale. (Doc. #1, Ex. C, Doc. #24, at 2.) Plaintiffs, thereafter, filed this suit.

Plaintiffs assert federal jurisdiction under 15 U.S.C. § 1692, et seq., Title 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Plaintiffs also assert supplemental jurisdiction under 28 U.S.C. § 1367 of state law claims. (*Id.*) Plaintiffs assert the following causes of action:

1) Violations of Federal Trade Commission Act (FTCA), 15 U.S.C. § 45;

2) Violations of Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681;

3) Violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601;

4) Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692;

5) Violations of the Texas Deceptive Trade Practices Consumer Protection Act (DTPA), and

6) Violations of the Fourth and Fourteenth Amendments of the Constitution.

(Doc. #31, at 2.)

On March 28, 2022, Defendants filed their motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(c).  (Doc. #36.)  To date, Plaintiffs have not responded.

## II.     Legal Standard

*A.  Rule 12(b)(1)*

Federal courts have limited subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  As such, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc., v. City of Madison,* 143 F.2d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).  The vehicle for challenging a federal court's jurisdiction over the subject matter of a case is a motion to dismiss under Rule 12(b)(1).  FED. R. CIV. P. 12(b)(1); *see Den Norske Stats Oljeselskap As v. Heeremac V.O.F.,* 241 F.3d 420, 424 (5th Cir. 2001).

Logically, a court should consider the Rule 12(b)(1) jurisdictional challenge first, before considering any attack on the merits.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).  Considering the 12(b)(1) motion first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'  *Id.* at 287 (citing *Ramming,* 281 F.3d at 161).  In deciding the motion, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As,* 241 F.3d at 424.  The burden of proof is on the party asserting jurisdiction.  *Ramming,* 281 F.3d at 161; *see also Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008).  If the court decides at any time that it lacks subject matter jurisdiction, the court must dismiss the action.  FED. R. CIV. P. 12(h)(3).

*B. Rule 12(b)(6)*

A motion to dismiss under FED. R. CIV. P. 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To survive dismissal under 12(b)(6), the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570). To be plausible, the complaint's "[f]actual allegations must be enough to raise to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court has confirmed that Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

4

C. *Rule 12(c)*

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). To survive a 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to meet this standard." *Id.*

### III. Discussion and Analysis

A. *Dismissal under Rule 12(b)(1) and 12(b)(6)*

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Plaintiffs' failure to file a response to the motion to dismiss can be interpreted to be an abandonment of their claims. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (affirming that a plaintiff's failure to "defend" her claims against arguments raised in "the defendant's motion to dismiss … constituted abandonment" of those claims). The plaintiff in the *Black* case, however, was represented by counsel and here, as Plaintiffs are *pro se*, the undersigned, in the interest of justice, will proceed to address the motion. The undersigned, giving the Plaintiffs' pleadings their most liberal construction, finds that the motion should be granted in part and denied in part.

i.   Violations of the Federal Trade Commission Act

Plaintiffs allege Defendants violated the Federal Trade Commission Act, specifically under Section 45(m)(1)(A), 45(a), 53(b), and 57(b). First, section 45(m)(1)(A) empowers the Federal Trade Commission to commence an action for knowing violations of rules and cease and desist orders respecting unfair or deceptive acts or practices. Section 45(a) prohibits unfair and deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a) (2000). Section 53(b) permits the issuance of a preliminary injunction against any person or entity in violation of any of the provisions of the Federal Trade Commission Act. 15 U.S.C. § 53(b) (2000). Finally, section 57(b) allows the Commission to bring suits against persons, partnerships, or corporations for engaging in unfair or deceptive acts or practices. 15 U.S.C. § 57(b) (2000). Each of these sections, empowered under Section 45(m)(1)(A), articulate the various avenues with which the Federal Trade Commission can bring claims. The Act does not give private citizens the right to assert these claims. *Norris v. Fairbanks Capital Corp.*, 178 F. App'x 401, 403 (5th Cir. 2006); *Cranfill v. Scott & Fetzer Co.*, 752 F. Supp. 732, 734 (E.D. Tex. 1990). Therefore, Plaintiffs fail to state a claim against Defendants under the Federal Trade Commission Act.

ii.   Violations of the Fair Debt Collection Practices Act

Next, Plaintiffs allege that the Burbank Defendants violated the Fair Debt Collection Practices Act under 15 U.S.C. § 1692. Burbank Defendants argue that dismissal is appropriate here because Plaintiffs fail to state a claim under the FDCPA. Specifically, Burbank Defendants assert that Plaintiffs merely recite the statute and that none of the pleaded facts articulate how Burbank Defendants actions violated the Act. The undersigned is not convinced.

Giving the complaint its most liberal construction and construing it in the Plaintiffs' favor, Plaintiffs assert that Burbank Defendants are debt collectors and that they mispresented themselves

and the amount of the debt. Furthermore, Plaintiffs assert that Burbank Defendants represented themselves to be debt collectors, advised them of their rights under the FDCPA to dispute the debt, but then failed to respond to their request for validation.

Any liability on the part of the Burbank Defendants, however, is limited because they were engaged in a non-judicial foreclosure. As such, the Burbank Defendants are only potentially liable for violations of FDCPA § 1692f(6). Indeed, the United States Supreme Court held in 2019, that a law firm engaged in nothing more than a non-judicial foreclosure is not subject to the FDCPA, except with respect § 1692f(6). *Obduskey v. McCarthy & Holthus, LLP*., 139 S. Ct. 1029, 1036-38 (2019). In *Obduskey,* the Court held that "but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Id.* at 1038. The Court, so held, despite the fact, that like the Burbank Defendants here, the defendants in *Obduskey* also sent correspondence advising the homeowners of their rights under the FDCPA. *Id.* at 1035.

The *Obduskey* holding instructs the undersigned that the Burbank Defendants can only be held liable for a FDCPA claim arising under § 1692f(6)—which is not alleged in Plaintiffs' First Amended Complaint.

   iii.  Violations of the Fair Credit Reporting Act

Plaintiffs allege Defendants violated the Fair Credit Reporting Act. Section 1681 of the FCRA applies to consumer credit reporting agencies, which are persons or entities who regularly engage in the practice of evaluating consumer credit information for the purpose of furnishing a consumer's credit report to a third party. 15 U.S.C. § 1681 (2000). Plaintiffs' complaint fails to assert any claim against a credit reporting agency. Plaintiffs' claim under § 1681 should be dismissed for failure to state a claim.

iv.     Violations of the Fair Housing Act

Plaintiffs also allege Defendants violated the Fair Housing Act under 42 U.S.C. § 3601. The FHA prohibits discrimination by direct providers of housing, such as landlords and real estate companies as well as other entities like municipalities, banks or other lending institutions and homeowners' insurance companies whose discriminatory practices make housing unavailable to persons because of race or color, religion, sex, national origin, familial status, or disability. 42 U.S.C. § 3601. Here, Plaintiffs only make passing mention of the FHA with no explanation as to how Defendants violated the Act. Moreover, Plaintiffs fail to assert how they fall within the protection of the Act. Plaintiffs have not sufficiently alleged a cause of action for violations of the Fair Housing Act, and this claim should be dismissed.

v.     Violations of the Fourth and Fourteenth Amendments of the Constitution

Plaintiffs complain that Defendants violated their civil rights under the Fourth and Fourteenth Amendments of the Constitution. Neither the Fourth Amendment nor the Fourteenth Amendment, however, apply to private conduct. *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169 (5th Cir. 1975). As Plaintiffs' complaint does not implicate state action or state actors, the claims under the Fourth and Fourteenth Amendments should be dismissed.

vi.     Violations of Texas Deceptive Trade Practices Consumer Protection Act

In general terms, Plaintiffs allege violations of "Protection Act Section 17.41, Deceptive Consumer Practices." While the undersigned reads this to mean the Texas Deceptive Trade Practices Act, TEX. CIV. PRAC. & REM. CODE § 17.41, *et seq.*, Plaintiffs do not satisfy the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" or the pleading requirements of 12(b)(6). FED. R. CIV. P. 8(a)(2), 12(b)(6). Plaintiffs have not sufficiently alleged a cause of action for violations of the Texas Deceptive Trade Practices-

Consumer Protection Act. Moreover, since the lending of money is not a "good or service," borrowers such as Plaintiffs are not consumers under the DTPA. *Walker v. Fed. Deposit Ins. Corp.,* 970 F.2d 114, 123 (5th Cir.1992) (citing *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169 (Tex. 1980)). As a result, Plaintiffs lack standing to assert state law claims against Defendants under the DTPA.

      vii.    Should Plaintiffs be afforded an opportunity to amend?

A district court may not dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without justification …is considered an abuse of discretion." (internal citation omitted).); *Donnelly v. JPMorgan Chase Bank, N.A.,* No. CIV.A.H-15-1671,2015 WL 6690257, at *2 (S.D. Tex. Oct. 16, 2015), *R. & R. adopted*, No. CIV.A. H-15-1671, 2015 WL 6701922 (S.D. Tex. Nov. 3, 2015).

However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally

insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

There is no indication that the Plaintiffs can cure the pleading deficiencies set forth above regarding claims under the FTCA, the FCRA, the FHA, the DTPA, and the Fourth and Fourteenth Amendment. The undersigned recommends that those claims be dismissed with prejudice and without an opportunity to amend. Regarding FDCPA claims against the Burbank Defendants, the undersigned recommends, in the interest of fairness, that the Plaintiffs be afforded one final opportunity to assert a valid claim under FDCPA § 1692f(6) against the Burbank Defendants.

## IV.   Conclusion

Plaintiffs' claims for violations of the Federal Trade Commission Act, 15 U.S.C. § 41-58; the Fair Credit Reporting Act 15 U.S.C. § 168; the Fair Housing Act, Texas Deceptive Trade Practices-Consumer Protection Act, and under the Fourth and Fourteenth Amendments of the Constitution fail as a matter of law and should be dismissed.

The court further concludes that providing Plaintiffs the opportunity to amend under FED. R. CIV. P. 15(a) as to the dismissed claims would be futile as the Plaintiffs' claims regarding Defendants' actions do not assert constitutional violations or violations of federal law actionable by Plaintiffs. Plaintiffs should be afforded one final opportunity to articulate a valid claim against the Burbank Defendants under the Fair Debt Collection Practices Act.

## V.     Recommendation

Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be **GRANTED in part and DENIED in part.** The undersigned accordingly recommends that the following claims be **DISMISSED**, in their entirety, with prejudice:

1. Violations of the Federal Trade Commission Act
2. Violations of the Fair Credit Reporting Act
3. Violations of the Fair Housing Act
4. Violations of Texas Deceptive Trade Practices-Consumer Protection Act
5. Violations of the Fourth Amendment
6. Violations of the Fourteenth Amendment

Finally, the undersigned recommends that the Motion to Dismiss be **DENIED** conditionally, as to Plaintiffs' claim under the Fair Debt Collection Practices Act against the Burbank Defendants. Plaintiffs should file a proper amended complaint within 14 days of any order adopting this recommendation and to which Defendants should respond. If Plaintiffs fail to file a proper amended complaint, claims against the Burbank Defendants under the Fair Debt Collection Practices Act, should also be dismissed.

## VI.    Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed withing fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 23rd day of June, 2022.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE