IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERCY TWAIN BARBER AND MARIA BARBER, <br> *Plaintiffs*, <br><br> v. <br><br> S.D.B. DEVELOPMENT, L.P., STEPHEN D. BROWN, LAW OFFICES OF THOMAS J. BURBANK, AND THOMAS J. BURBANK, <br> *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 1:21-CV-539-MJT-CLS |

### REPORT AND RECOMMENDATION ON DEFENDANTS' SECOND MOTION TO DISMISS (DOC. #44), DEFENDANTS' MOTION TO REURGE (DOC. #49), AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND (DOC. #42)

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Civ. R. 72.

Pending before the court is Defendants' Second Motion to Dismiss (doc. #44) and Defendants' "Motion to Reurge Defendants' Second Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6) & 12(c)" [hereinafter "Motion to Reurge"] (doc. #49). After review, the undersigned recommends denying both motions.

Additionally, the undersigned construes Plaintiffs' "Memorandum in Opposition to Defendants S.D.B. Development, L.P., and Thomas J. Burbank, P.C., Information Motion to Dismiss Claimant's Amended Complaint for Failure to State a Claim under Rule 12(b) (1),(6)&(12)" [hereinafter "Memorandum in Opposition"] (doc. #42) as both Plaintiffs' Second

Amended Complaint and a Motion for Leave to Amend their complaint to add new claims (distinct from their previously-asserted FDCPA claim).  Therefore, Plaintiffs' Motion for Leave to Amend their complaint to add these new claims is also pending before the court.  After review, the undersigned further recommends denying Plaintiffs' Motion for Leave to Amend their complaint to include newly asserted claims separate from their FDCPA claim.

## I.      Plaintiffs' Claims and Procedural History

Plaintiffs Percy and Maria Barber, proceeding *pro se*, filed their original Complaint on October 28, 2021, against Defendants S.D.B. Development, L.P., S.D.B. President Stephen D. Brown ("SDB Defendants"), the Law Offices of Thomas J. Burbank, and Attorney Thomas J. Burbank ("Burbank Defendants).  (Doc. #1.)  On January 25, 2022, Plaintiffs submitted an Affidavit of Facts to supplement their original complaint (doc. #24), and on February 22, 2022, Plaintiffs submitted their First Amended Complaint (doc. #31).  Plaintiffs asserted various claims under state and federal law relating to Defendants' foreclosure of Plaintiffs' home.  Defendants filed their first Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure on March 3, 2022.  (Doc. #36.)

The undersigned issued a Report and Recommendation on Defendants' first Motion to Dismiss recommending dismissal with prejudice of all of Plaintiffs' claims except for their potential claim under section 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA").  (Doc. #40.)  The undersigned further recommended that Plaintiffs be afforded one final opportunity to articulate a valid claim against the Burbank Defendants under section 1692f(6) of the FDCPA.  Therefore, the undersigned recommended conditionally denying Defendants' first Motion to Dismiss as to Plaintiffs' potential FDCPA claim and instructing Plaintiffs to file a proper amended complaint against the Burbank Defendants under the FDCPA within fourteen (14) days

of any order adopting the undersigned's recommendation. (Doc. #40.) On August 5, 2022, the undersigned's Report and Recommendation was adopted. (Doc. #43.)

Importantly, on July 5, 2022, Plaintiffs submitted what they titled a "Memorandum in Opposition," in which they pleaded a claim under section 1692f(6) of the FDCPA against the Burbank Defendants with supporting factual allegations. (Doc. #42.) Recognizing that (1) Plaintiffs are proceeding *pro se*, (2) this document was submitted after, and in response to, the undersigned's Report and Recommendation, and (3) this document (although titled a "Memorandum") substantively acts as a complaint that pleads the instructed FDCPA claim, the undersigned therefore construes Plaintiffs' "Memorandum in Opposition" (doc. #42) as Plaintiffs' Second Amended Complaint. The undersigned also notes that the words "AMENDED COMPLAINT" are, in fact, written in Doc. #42's header.

Defendants submitted their Second Motion to Dismiss on September 8, 2022. (Doc. #44.) Though Defendants' motion states that it again seeks dismissal pursuant to Rules 12(b)(1), (12)(b)(6), and 12(c) of the Federal Rules of Civil Procedure, the only basis for dismissal referenced in the motion is Defendants' assertion that "Plaintiffs did not comply with [the undersigned's] Order" to submit an Amended Complaint pleading Plaintiffs' potential claim under section 1692f(6) of the FDCPA. (Doc. #44, at ¶ 2.) On October 12, 2022, Defendants filed a "Motion to Reurge" Defendants Second Motion to Dismiss. (Doc. 49.) However, this motion does nothing more than request that the court rule on their pending Second Motion to Dismiss (doc. #44).

## II. Defendants' Second Motion to Dismiss

The undersigned's prior Report and Recommendation (doc. #40), adopted by the district judge (doc. #43), conditionally denied Defendants' first Motion to Dismiss as to Plaintiffs'

potential FDCPA claim. Specifically, to avoid dismissal, the undersigned instructed Plaintiffs to file a proper amended complaint under section 1692f(6) of the FDCPA. For the reasons discussed *supra* § I, the undersigned construes Plaintiffs' "Memorandum in Opposition" (doc. #42) as the Second Amended Complaint required to avoid dismissal for failure to submit a responsive pleading. Therefore, the undersigned finds that Plaintiffs have complied with the court's instructions to submit an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. As such, Defendants' Second Motion to Dismiss should be denied.

In making this recommendation, the undersigned does not consider the merits of Plaintiffs' FDCPA claim pleaded in their Second Amended Complaint at this time. The undersigned merely rejects Defendants' assertion that the *pro se* Plaintiffs "failed" to submit the required amended complaint simply because they incorrectly titled that pleading as a "Memorandum." Therefore, Defendants are not entitled to dismissal for the reasons submitted in their Second Motion to Dismiss. In light of the undersigned's findings, Defendants should submit an answer or otherwise respond to Plaintiffs' FDCPA claim upon the entering of any order adopting this Report and Recommendation.

### III. Defendants' Motion to "Reurge"

To the extent that the undersigned must make a recommendation on Defendants' motion to "reurge" their Second Motion to Dismiss, that motion (doc. #49) should be denied.

### IV. Plaintiffs' New Claims

In the June 23, 2022, *Report and Recommendation* (doc. #40), adopted by the district judge (doc. #43), the undersigned granted Plaintiffs leave to amend their complaint to afford them "one final opportunity to assert a valid claim under FDCPA § 1692f(6) against the Burbank Defendants." As discussed *supra* § I, Plaintiffs did submit an amended complaint via their

"Memorandum in Opposition" (doc. #42) pleading the FDCPA claim against the Burbank Defendants. Plaintiffs plead this claim as "Count I." (Doc. #42 at ¶21.)

However, Plaintiffs' Second Amended Complaint also attempts to assert four new claims. (Doc. #42 at ¶¶22-27.) These new claims are pleaded as follows:

1. Violation of section 51.002 of the Texas Property Code ("Count II")
2. Violation of Chapter 32 of the Texas Penal Code ("Count III")
3. Violation of section 1641 of the Truth in Lending Act ("Count IV")
4. Negligent Infliction of Emotional Distress ("Count V")

Because Plaintiffs included these four new claims in addition to the FDCPA claim they were instructed to plead, the undersigned additionally construes Plaintiffs' "Memorandum in Opposition" (doc. #42) as a Motion for Leave to Amend their complaint.

Under the Federal Rules of Civil Procedure, a party may only amend its pleading after the period for amending as a matter of course elapses either (1) with the opposing party's written consent or (2) with the court's leave, which should be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2). The court may deny a plaintiff leave to amend a complaint if the court determines, however, that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile."); *Wright v. Allstate Ins. Co.*, 415 U.S. F.3d 384, 391 (5th Cir. 2005) (stating that futility of amendment is among the permissible bases for denial of a motion for leave to amend).

For the reasons set forth below, Plaintiffs' Motion for Leave to Amend their complaint to plead their four new claims should be denied because they are legally insufficient on their face, thus granting leave to amend would be futile.

### A. Violation of Section 51.002 of the Texas Property Code

Plaintiffs assert a claim under the Texas Property Code, alleging that Defendants failed to provide Plaintiffs with proper notice in violation of section 51.002 (b)(3), (d), and (e). (Doc. #42 at ¶22.)

There is no independent cause of action for violations of section 51.002 of the Texas Property Code. *Colorado v. Wilmington Savings Fund Soc'y, FSB*, No. 3:21-CV-0077-B, 2021 WL 4990804, at *3 (N.D. Tex. Oct. 26, 2021) (quoting *Anderson v. CitiMortgage Inc.*, No. 4:13cv369, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014)); *see also Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages."); *Solis v. U.S. Bank, N.A.*, No. H-16-00661, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) ("Section 51.002 of the Texas Property Code . . . does not provide a private right of action."). Therefore, Plaintiffs should not be granted leave to amend their complaint to include their claim under section 51.002 of the Texas Property Code.

### B. Violation of Chapter 32 of the Texas Penal Code

Plaintiffs also assert a "claim" under chapter 32.32 of the Texas Penal Code. (Doc. #42 at ¶23.) However, this is a criminal statute, and Plaintiffs have no basis for bringing a civil suit pursuant to this criminal statute. Therefore, Plaintiffs should not be granted leave to amend their complaint to include their claim under chapter 32.32 of the Texas Penal Code.

### C. Violation of Section 1641 of the Truth in Lending Act

Plaintiffs also assert a claim under the Truth in Lending Act (TILA), alleging that Defendants violated "§ 1641(b), and (2) (A)" by "failing to notify [Plaintiffs] with proof of compliance with statutory provisions." (Doc. #42 at ¶24.) Plaintiffs' complaint does not provide the complete subsection to which "(2) (A)" is referring, but the undersigned concludes that Plaintiffs' intended to refer to 15 U.S.C. § 1641(e)(2)(A).[1]

TILA claims are subject to a one-year statute of limitations from the date of the occurrence of the violation. 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation."). The exact nature of the alleged TILA violation that Plaintiffs are asserting is not entirely clear to the undersigned. However, TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). As such, TILA claims arise from lender disclosures provided to borrowers at the time of the loan transaction. Here, the applicable loan transaction is Plaintiffs' mortgage for their home, issued in 2011. (Doc. #17 at 1.) Plaintiffs filed their Second Amended Complaint alleging a claim under TILA on July 5, 2022. Therefore, Plaintiffs' claim under TILA is barred by the one-year statute of limitations. *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 785 (S.D. Miss. 2014) ("A TILA damages claim for nondisclosure is subject to a one-year statute of limitations, which runs from the date on which the transaction is consummated.").

---

[1] TILA § 1641 has only two subsections including "(2)(A)." The first is §1641(d)(2)(A) on "rights upon assignment of certain mortgages," and section (2)(A) provides for limitations on damages. 15 U.S.C. § 1641. The second is § 1641(e)(2)(A) on "liability of assignee for consumer credit transactions secured by real property," and section (2)(A) there describes when violations are apparent on the face of a disclosure statement. 15 U.S.C. § 1641. Although neither of these portions of the statute gives rise to a claim that would ultimately survive due to (at the very least) the statute of limitations, the undersigned concludes that Plaintiffs most likely intended to refer to 15 § 1641(e)(2)(A).

Therefore, Plaintiffs should not be granted leave to amend their complaint to include their claim under TILA.

### D. Negligent Infliction of Emotional Distress

Last, Plaintiffs assert a claim for negligent infliction of emotional distress. (Doc. #42 at ¶27.) However, Texas does not recognize an independent cause of action for negligent infliction of emotional distress or mental anguish. *SCI Tex. Funeral Servs. v. Nelson*, 540 S.W.3d 509, 546 (Tex. 2018). Therefore, Plaintiffs should not be granted leave to amend their complaint to include their claim for negligent infliction of emotional distress.

### E. Conclusion

For these reasons, Plaintiffs' Motion for Leave to Amend (doc. #42) their complaint to add the following four new claims should be denied as they are legally insufficient on their face and, therefore, granting leave to amend would be futile:

1. Violation of section 51.002 of the Texas Property Code ("Count II")
2. Violation of Chapter 32 of the Texas Penal Code ("Count III")
3. Violation of section 1641 of the Truth in Lending Act ("Count IV")
4. Negligent Infliction of Emotional Distress ("Count V")

For the clarity of the parties, should the undersigned's recommendation as to Plaintiffs' Motion for Leave to Amend their complaint be adopted, the only claim that would remain is under section 1692f(6) of the FDCPA, which Plaintiffs refer to as "Count I" in their Second Amended Complaint (doc. #42). Additionally, because Plaintiffs' FDCPA claim can only be brought against the Burbank Defendants,[2] the SDB Defendants would no longer be a party to this action. The

---

[2] A law firm engaged in non-judicial foreclosure, such as the Burbank Defendants, can be liable under section 1692f(6) of the FDCPA. *Obduskey v. McCarthy & Holthus, LLP*, 139 S. Ct. 1029, 1038 (2019). Mortgagees whose debt is not in default at the time it was assigned, such as the SDB Defendants, are not "debt collectors" within the meaning of the FDCPA. *Burke v. JPMC Specialty Mortg., LLC*, No. 4:19-CV-00492-SDJ-CAN, 2020 WL 4644063, at * 8 n.3 (E.D.

remaining parties would therefore only include Percy Barber and Maria Barber (Plaintiffs), and Thomas J. Burbank and the Law Offices of Thomas J. Burbank (Defendants).

### V. Recommendation

For the foregoing reasons, the undersigned recommends the following:

1. Defendants' Second Motion to Dismiss (doc. #44) should be **DENIED**.

2. Defendants' Motion to Reurge Defendants' Second Motion to Dismiss (doc. 49) should be **DENIED**.

3. Plaintiffs' Motion for Leave to Amend (doc. #42) their complaint should be **DENIED** as to the following claims:

   a. Violation of section 51.002 of the Texas Property Code ("Count II")

   b. Violation of Chapter 32 of the Texas Penal Code ("Count III")

   c. Violation of section 1641 of the Truth in Lending Act ("Count IV")

   d. Negligent Infliction of Emotional Distress ("Count V")

   Therefore, the undersigned recommends that only Plaintiffs' FDCPA claim ("Count I") should remain, and the only the Burbank Defendants should remain as defendants in this suit.

4. Defendants should be **ORDERED** to answer or otherwise respond to Plaintiffs' Second Amended Complaint (doc. #42) as to their claim under section 1692f(6) of the FDCPA ("Count I"). Defendants need not answer or respond to Plaintiffs' other claims alleged in their Second Amended Complaint ("Counts II-V").

---

Tex. Apr. 24, 2020) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Additionally, the undersigned's June 23, 2022, *Report and Recommendation* specifically instructed Plaintiffs to plead their potential FDCPA claim against the Burbank Defendants, not the SDB Defendants.

## VI.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 1st day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE