IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PERCY TWAIN BARBER and MARIA BARBER, § § § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:21-CV-539-MJT-CLS |
| § | |
| LAW OFFICES OF THOMAS J. § | |
| BURBANK and THOMAS J. BURBANK, § | |
| *Defendants*. § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #78)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72.  Pending before the court is Defendants' Motion for Summary Judgment.  (Doc. #78.)  After review, the undersigned recommends denying the motion.

**I.   Background**

Plaintiffs Percy and Maria Barber, proceeding *pro se*, filed their original complaint on October 28, 2021, against Defendants S.D.B. Development, L.P., S.D.B. President Stephen D. Brown ("SDB Defendants"), the Law Offices of Thomas J. Burbank, and Attorney Thomas J. Burbank ("Burbank Defendants).  (Doc. #1.)  Plaintiffs asserted various claims under state and federal law relating to Defendants' foreclosure of Plaintiffs' home.

On June 23, 2022, the undersigned issued a Report and Recommendation on Defendants' first Motion to Dismiss recommending dismissal with prejudice of all of Plaintiffs' claims except

for their potential claim under section 1692f(6) of the Fair Debt Collection Practices Act (FDCPA). (Doc. #40.) The undersigned further recommended that Plaintiffs be afforded one final opportunity to articulate a valid claim against the Burbank Defendants under section 1692f(6) of the FDCPA. Plaintiffs were instructed to file a proper amended complaint within fourteen (14) days of any order adopting the undersigned's recommendation. (Doc. #40.) On August 5, 2022, the undersigned's Report and Recommendation was adopted. (Doc. #43.) Plaintiffs timely submitted their second amended complaint pleading their FDCPA claim.[1] (Doc. #42.) Pursuant to the undersigned's November 1, 2022, Report and Recommendation on Defendant's Second Motion to Dismiss (doc. #52) and the November 28, 2022, Order Adopting the report (doc. #62), the only remaining claim in this suit is under section 1692f(6) of the FDCPA against the Burbank Defendants.[2]

Defendants filed the pending Motion for Summary Judgment on March 22, 2023. (Doc. #78.) Plaintiffs responded (doc. #83) on April 10, 2023. Defendants filed an untimely[3] reply (doc.

---

[1] On July 5, 2022, Plaintiffs submitted what they titled a "Memorandum in Opposition," in which they pleaded a claim under section 1692f(6) of the FDCPA against the Burbank Defendants with supporting factual allegations. (Doc. #42.) As explained the undersigned's November 1, 2022, Report and Recommendation (doc. #52), the undersigned construed Plaintiffs' "Memorandum in Opposition" (doc. #42) as Plaintiffs' Second Amended Complaint. Plaintiff's second amended complaint (doc. #42) alleged several new claims (in addition to the instructed FDCPA claim) against both the already-dismissed SDB Defendants as well as against the Burbank Defendants. However, the undersigned's November 1, 2022, Report and Recommendation (doc. #52) and the November 28, 2022, Order Adopting the report (doc. #62) dismissed all claims except for the instructed FDCPA claim and denied Plaintiffs' leave to amend.

[2] As stated, there are presently two defendants in this suit, Defendant Thomas J. Burbank, and Defendant Law Offices of Thomas J. Burbank (the "Burbank Defendants"). Defendant Burbank is proceeding *pro se* as a defendant in this suit and is also representing his law office, the other defendant in this suit. For the purposes of this report, the undersigned may occasionally refer to these defendants as one entity, referring to them as "Defendant" or "Burbank."

[3] Pursuant to Local Rule CV-7(f), Defendants' reply was due on or before April 17, 2023, to be considered timely.

#93) on May 1, 2023, and Plaintiffs filed an untimely[4] sur-reply[5] (doc. #101) on May 15, 2023. The undersigned conducted a status conference with the parties on April 24, 2023, at which the parties provided additional information concerning the pending motion. This matter is now ripe for review.

## II.     Legal Standard

Summary judgment should only be granted if the moving party can show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986).  A fact is material when it is relevant or necessary to the ultimate conclusion of the case.  *Id.* at 248.  The movant's burden is only to point out the absence of evidence supporting the nonmovant's case.  *Chambers v. Sears, Roebuck and Co.*, 428 Fed. App'x 400, 407 (5th Cir. 2011) (citing *Duffy v. Leading Edge Products Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)).

Once the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In considering a motion for summary judgment, "the evidence

---

[4] Pursuant to Local Rule CV-7(f), Plaintiffs' sur-reply must have been postmarked on or before May 11, 2023, to be considered timely.  Plaintiffs' sur-reply was postmarked on May 12, 2023.  (Doc. #101 at 7.)

[5] Plaintiffs titled their sur-reply (doc. #101) as a "response in objection to Defendant's second motion for summary judgment."  Defendants have only filed one Motion for Summary Judgment (doc. #78).  Plaintiffs have mistaken Defendants' reply (doc. #93) as a "second" motion for summary judgment.

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, Inc.*, 477 U.S. at 255. However, the non-movant may not rest on mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Toney v. United States*, 273 Fed. App'x 384, 385-86 (5th Cir. 2008) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248-49). The court must consider all the evidence but refrain from making any credibility determinations or weighing the evidence. *Lindquist v. City of Pasadena*, 669 F.3d 225, 232-33 (5th Cir. 2012) (quoting *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Hugh Symons Group*, 292 F.3d at 468 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citing *Forsyth*, 19 F.3d at 1537). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 Fed. App'x 839, 843 (5th Cir. 2018) (citation omitted); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992); FED. R. CIV. P. 56(c)(3) ("[T]he court need consider only the cited materials."). If the nonmoving party fails to make a showing sufficient to establish the existence

of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322–23.

Finally, as Plaintiffs are proceeding *pro se*, their pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed by the court.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).  The undersigned undergoes the below analysis with this in mind.

### III.    Discussion

Defendants seek summary judgment dismissing the remaining claim against them on the ground that (1) there is no subject matter jurisdiction over this suit and (2) Defendants did not violate section 1692f(6) of the FDCPA.  (Doc. #78 at 1-2.)

#### A.  The court has federal question jurisdiction over this suit

There is no basis for Defendants' contention that the court lacks subject matter jurisdiction to hear this suit.  Since its inception, Plaintiffs have alleged at least one federal cause of action arising under federal law, the FDCPA.  While Plaintiffs' particular FDPCA claim arises from Defendants' alleged failure to follow section 51.002 of the Texas Property Code when foreclosing on Plaintiffs' home (as discussed further below), this cause of action is asserted under the FDCPA.  Thus, as there is a federal cause of action on the face of Plaintiffs' complaint (docs. #1, 42), the court has federal question jurisdiction over this suit.  *See, e.g.*, *Tex. Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co.*, 380 F. Supp. 3d 580, 586 (E.D. Tex. 2019) ("[I]f the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.").

B. <u>There is a genuine issue of material fact as to whether Defendants violated section 1692f(6) of the FDCPA</u>

Defendants additionally assert that they are entitled to summary judgment on the ground that the summary judgment evidence demonstrates an absence of a question of fact as to whether Defendants violated section 1692f(6) of the FDCPA.[6] Specifically, Defendants argue that "none of the foreclosure documents which are the summary judgment [evidence] in this Motion[] support any possible violations of the FDCPA by Defendants." (Doc. #78 at ¶ 11.)

As discussed *supra* § II, as the movant in the pending Motion for Summary Judgment (doc. #78), Defendants bear the initial burden to demonstrate an absence of a genuine issue of material fact as to whether they violated section 1692f(6) of the FDCPA. Only after Defendants meet this burden do Plaintiffs, as nonmovants, bear the burden of pointing to evidence demonstrating there is a genuine issue of material fact on that issue. In determining whether Defendants have met their

---

[6] Defendants additionally set forth two arguments that the undersigned need not consider. The first is Defendants' argument relating to FDCPA claims that are not part of this suit, such as those relating to "misrepresentations under . . . Section 1692(e)" and Defendant Law Offices of Thomas J. Burbank being registered with the Texas Secretary of State as "Thomas J. Burbank PC." (Doc. #78 at ¶¶ 11-13.) Defendants appear to be making these arguments because Plaintiffs—despite being informed *numerous* times that the *only* claim in this suit is under section 1692f(6) of the FDCPA, which has nothing to do with the law office's registered name—continue to inappropriately make arguments and statements to this effect in their filings. The undersigned ignores these inappropriate allegations from Plaintiff (and writes once again, in an attempt to make clear to Plaintiffs that their only claim is under section 1692f(6)) and, accordingly, the undersigned ignores Defendants' arguments about these allegations, as they have no relation to this suit and need not be discussed further. The second argument the undersigned need not consider is that Plaintiffs have not alleged sufficient facts in their complaint to state an FDCPA claim. For example, Defendant writes, "Plaintiffs' Complaint does not set forth any facts or provide any evidence demonstrating . . . any unfair debt collection practices under [the FDCPA]," and "Plaintiffs merely recite this statute in their First Amended Complaint for Declaratory (Complaint), pages 4-5, para. 14, but none of Plaintiffs' pleaded facts . . . support any possible violations of the FDCPA by Defendants." (Doc. #78 at ¶ 11.) This is essentially a claim that Plaintiffs' complaint fails to state an FDCPA claim under Rule 12(b)(6). This is a motion for summary judgment, not a motion to dismiss. Defendants were free to file such a motion to dismiss challenging the sufficiency of Plaintiffs' pleadings prior to the dispositive motion deadline set forth in the scheduling order (doc. #54) and make such arguments. Defendants' only Motion to Dismiss (doc. #44) Plaintiffs' second amended complaint (doc. #42) sought dismissal based on Plaintiffs' alleged failure to file a second amended complaint in accordance with the court's order (doc. #43). The report (doc. #52) denying the motion to dismiss, adopted in full (doc. #62), instructed Defendants to "answer or respond in accordance with the Federal Rules of Civil Procedure," allowing Defendants an opportunity to challenge the sufficiency of Plaintiffs' actual pleadings in the second amended complaint, but Defendants did not file any such motion. Accordingly, the undersigned need not address these 12(b)(6)-based arguments either.

initial burden, the undersigned finds it useful to explain the nature of Plaintiffs' claim as it currently stands.

### 1. *Nature of Plaintiffs' FDCPA Claim*

Plaintiffs' FDCPA claim is based on the following allegations: the Burbank Defendants[7] engaged in non-judicial foreclosure on Plaintiffs' home on or about September 25, 2021. (Docs. #1 at 6-14, #42 at ¶ 8.) Under section 1692f(6) of the FDCPA, "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" is an FDCPA violation if, in relevant part, "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1962f(6)(A).

Courts look to state law requirements to determine whether there was a "present right to possession" under the FDCPA. *Speleos v. BAC Home Loans Servicing, L.P.*, 824 F. Supp. 2d 226, 233 (D. Mass. 2011) (quoting *Revering v. Norwest Bank Minn., N.A.*, No. Civ. 99-480/RHK/JMM, 1999 WL 33911360, at *5 (D. Minn. Nov. 30, 1999)). Here, the relevant state law requirements are prescribed by section 51.002 of the Texas Property Code, which provides, in relevant part, that "notice of the sale [of real property under contract lien] . . . must be given at least 21 days before the date of the sale by . . . *serving written notice of the sale by certified mail* on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 51.002(b)(3)). "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). Additionally, as a baseline requirement to have a "present right" to foreclose on a debtor's property, the debtor must actually be in default on the debt. *See, e.g.*, TEX. PROP. CODE § 51.002(d) ("the mortgage servicer of the

---

[7] A law firm engaged in non-judicial foreclosure, such as the Burbank Defendants, can be liable under section 1692f(6) of the FDCPA. *Obduskey v. McCarthy & Holthus, LLP*, 139 S. Ct. 1029, 1038 (2019).

debt shall serve a debtor *in default* . . . by certified mail stating that the debtor is *in default* . . . and giving the debtor at least 20 days to cure *the default*") (emphasis added).

  Plaintiffs thus allege that Defendants did not have a present right to foreclose on their home for two reasons: (1) they were not actually in default, as they made all their mortgage payments; and (2) Defendants did not provide notice of the foreclosure sale as required by section 51.002(b)(3) of the Texas Property Code. (Doc. #42 at ¶¶ 9-10, 12,17.) Specifically—as to their first contention—Plaintiffs allege that they made timely payments for all mortgage payments at issue except for the August 2021 payment. Plaintiffs allege that, while the August 2021 payment was late, Plaintiffs did ultimately pay it, thereby curing the default on the August payment. Thus, Plaintiffs allege that they made all of the mortgage payments at issue in this litigation and were not in default on their mortgage when Defendants foreclosed on their home.

  As to their second contention, Plaintiffs allege that Defendants did not send Plaintiffs a notice of the foreclosure sale by certified mail. Plaintiffs allege that the certified mail number listed on Defendants' notice letter, #7016 0600 0000 3796 5781,[8] is invalid, thereby indicating that the notice letter was not actually sent to Plaintiffs by certified mail as required under the statute. Indeed (and as Plaintiffs so allege) when this tracking number is searched using the USPS Tracking system, it shows "Label Created, not yet in system." Either of Plaintiffs' two contentions, if true, could mean that Defendants did not have a present right to foreclose on their home (as Plaintiffs were either not in default or Defendants did not send proper notice of the foreclosure sale), in violation of section 1692f(6)(A) of the FDCPA. *See, e.g.*, *Barnes v. Northwest Repossession, LLC*, 210 F. Supp. 3d 954, 965 (N.D. Ill. 2016) (finding that the defendant had no present right to

---

[8] A copy of the notice letter from Defendants is attached in various filings from the parties. *See, e.g.*, Docs. #36-1 at 7, #78-3. The certified mail tracking number, listed as #7016 0600 0000 3796 5781, is written just underneath Plaintiffs' address.

possession of the plaintiff's property under FDCPA § 1692f(6) because the plaintiff was not in default); *cf. Colorado v. Wilmington Savings Fund Soc'y, FSB*, No. 3:21-CV-0077-B, 2021 WL 4990804, at *4 (N.D. Tex. Oct. 26, 2021) (granting the defendant's motion for summary judgment because the defendant established through competent summary judgment evidence that it sent notice via certified mail to the plaintiff as required by 51.002); *Shaw v. Bank of America, NA*, No. 10-cv-11021, 2015 WL 224666, at *4 (D. Mass. Jan. 15, 2015) ("Once Shaw defaulted and BOA provided statutory notice pursuant to [state law], BOA had a right to foreclose. Because BOA had the right to possess the Property in which it held a security interest, BOA did not violate [section 1692f(6) of] the FDCPA.").

Therefore, to meet their initial burden as the movant in the pending summary judgment motion, Defendants must demonstrate, with competent summary judgment evidence, that there is no genuine issue of material fact as to whether (1) Plaintiffs were in default on their mortgage and (2) Defendants sent the notice letter by certified mail at least 21 days prior to the foreclosure sale on November 2, 2021, in accordance with 51.002 of the Texas Property Code.

2. *Defendants have not met their initial summary judgment burden*.

i.   Evidence of 51.002 Certified Mail Notice Requirements

In their motion, Defendants write, "On October 12, 2021, [Defendants] sent correspondence to [Plaintiffs] regarding a Notice of Acceleration and Notice of Trustee Sale, as well as posting Plaintiffs' property for foreclosure." (Doc. #78 at ¶ 4.) Defendants attached a copy of the notice letter. (Doc. #78-3.) As described above, the notice letter is addressed to Plaintiffs and, below the address, is a certified mail tracking number listed as #7016 0600 0000 3796 5781. (Doc. #78-3.) However, as has been Plaintiffs' contention since this litigation's inception, the certified mail tracking number on this notice letter indicates that the tracking number

9

is "not yet in [the USPS] system," suggesting that the notice letter was never actually "deposited in the United States mail" via certified mail as required by 51.002(b) and defined by 51.002(e) of the Texas Property Code. Therefore, Defendants' summary judgment evidence, itself, shows that there is—at the very least—a genuine issue of material fact as to whether Defendants sent the notice letter by certified mail as required by the statute. As a result, Defendants have not met their initial burden in moving for summary judgment. *See* FED. R. CIV. P. 56(c)(1)(B) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the . . . presence of a genuine dispute.").

Typically, the evidence submitted by the movant *supports* their factual assertions, thereby requiring the nonmovant to then point to evidence controverting those assertions and show there is a genuine issue of material fact for trial. *See Tennyson v. Hatton*, No. 6:16cv1206, 2021 WL 472963, at *7 (E.D. Tex. Jan. 4, 2021) ("*If* the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial.") (emphasis added) (citing *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 589 (5th Cir. 2004)), *R. & R. adopted*, No. 6:16-cv-01206, 2021 WL 473741 (E.D. Tex. Feb. 9, 2021). However, as demonstrated here, the movant does not always meet their initial burden of supporting their factual assertions—Defendants instead offer evidence that actually *controverts* their assertion that they did not violate section 1692f(6)(A) of the FDCPA.[9]

---

[9] Other courts have denied summary judgment motions where the defendant's own evidence defeated summary judgment by demonstrating that genuine issues of material facts exist. *See, e.g.*, *Cantrell v. Tyson*, No. 2:19-CV-1192-TLN-DMC-P, 2021 WL 3164272, at *8 (E.D. Cal. July 27, 2021) ("Defendant's own evidence thus defeats her motion and creates a genuine issue of material fact for a jury, specifically whether the statement at issue put Plaintiff in danger."), *R. & R. adopted*, No. 2:19-cv-01192-TLN-DMC, 2021 WL 4262274 (E.D. Cal. Sept. 20, 2021); *Hasan v. Johnson*, No. 1:08-cv-00381 GSA PC, 2013 WL 1314014, at *5 (E.D. Cal. Apr. 1, 2013) ("Defendant's own evidence creates a triable issue of fact as to whether he was present and whether he escorted Plaintiff and subjected him to excessive force.").

Accordingly, the undersigned finds that Defendants are not entitled to summary judgment because they have not demonstrated an absence of a genuine issue of material facts as to whether Defendants had a present right to possess Plaintiffs' home under the notice requirements of 51.002 of the Texas Property Code in violation of section 1692f(6)(A) of the FDCPA. Defendants' Motion for Summary Judgment (doc. #78) must be denied.

### ii.   Evidence of Plaintiffs' Default

Defendants have not met their initial burden in demonstrating an absence of a genuine issue of material fact as to whether Plaintiffs were actually in default on their mortgage payments.

Defendants' summary judgment evidence consists of the following: a Notice of Intent to Accelerate (doc. #78-2), a Notice of Trustee's Sale and Posting for Foreclosure (doc. #78-3), a Substitute Trustee's Deed (doc. #78-4), a Notice of Trustee's Sale (doc. #78-5), the Notice to Quit (doc. #78-6), and an affidavit from Defendant Burbank regarding the name of his law firm (doc. #78-7). Although the Notice of Intent to Accelerate states that Plaintiffs are in default "according the records of the Lender" for mortgage payments for July, August, and September of 2021 (doc. #78-2), and the Notice of Trustee's Sale and Posting for Foreclosure states that Plaintiffs "failed to pay the indebtedness owed . . . and are heretofore in default" (doc. #78-3) for those three months, these documents do not establish that Plaintiffs were in default and/or did not make their mortgage payments for July, August, and September of 2021. They merely show that Defendants *claim* Plaintiffs are in default.

The statements contained in the two letters (docs. #78-2, 78-3) that Plaintiffs are in default are essentially unsworn statements from Defendants. Thus, these unsworn statements, without more, are not competent summary judgment evidence sufficient to demonstrate an absence of a genuine issue of material fact as to whether Plaintiffs were actually in default under the facts and

11

circumstances of this suit. *Cf., e.g.*, *Watts v. Kroger Co.*, 170 F.3d 505, 508-09 (5th Cir. 1999) (upholding the district court's decision to not consider unsworn statements in a motion for summary judgment); *Rachal v. Select Portfolio Servicing, Inc.*, No. 4:17-CV-871-ALM-CAN, 2018 WL 5724455, at *4 (E.D. Tex. Oct. 5, 2018) (accepting the defendants' attached Notices of Default along with a *sworn declaration* that the notices were "true and correct copies of records that are kept . . . in the ordinary course of business" as competent summary judgment evidence that the plaintiff was in default) (emphasis added); *United States v. Lewis*, No. Civ.A. SA05CA0557XR, 2005 WL 3447745, at *3 (W.D. Tex. Dec. 5, 2005) (finding that the plaintiff's three *sworn* U.S. Department of Education Certificates of Indebtedness were competent summary judgment evidence sufficient to establish that the defendant had defaulted on the debt) (emphasis added); *see also Eason*, 73 F.3d at 1325 ("[M]ere conclusory allegations are not competent summary judgment evidence."). Accordingly, the undersigned finds that these documents do not establish an absence of a genuine issue of material fact as to whether Plaintiffs were actually in default on their mortgage.

Therefore, the undersigned makes the additional finding that Defendants are not entitled to summary judgment because they have not demonstrate an absence of a genuine issue of material fact as to whether Defendants had a present right to possess Plaintiffs' home due to Plaintiffs' defaulting on their mortgage, in violation of section 1692f(6) of the FDCPA. Defendants' Motion for Summary Judgment (doc. #78) must also be denied on this ground.[10]

---

[10] For clarity, the undersigned's finding *supra* § III.2.i that Defendants have not met their initial burden of demonstrating an absence of a genuine issue of material fact that they met the statutory notice requirements is sufficient grounds on its own to deny summary judgment, as that alone would mean that Defendants foreclosed on Plaintiffs' home without a present right to do so, in violation of section 1692f(6) of the FDCPA. This is merely an additional finding that would also be sufficient grounds, on its own, to deny summary judgment.

12

### 3. *Plaintiffs have met their burden as nonmovants.*

For the reasons explained *supra* § III.B.2, Defendants have not met their burden as movants, thus they are not entitled to summary judgment. However, the undersigned makes a third finding that, even if Defendants *had* met their initial burden, Plaintiffs have met their burden as nonmovants to demonstrate there is a genuine issue of material facts as to whether (1) Plaintiffs were in default and (2) Defendants satisfied the notice requirements of 51.002.

First, Plaintiffs submit evidence that the certified mail tracking number on the notice letter (doc. #78-3) appears invalid, as the USPS system indicates that it was not in the system which suggests that it was not sent[11] by certified mail as was required to grant Defendants the present right to foreclose on Plaintiffs' home. Thus, there is a genuine issue of fact as to whether Defendants had no present right to possess Plaintiffs' home in violation of section 1692f(6)(A) of the FDCPA with respect to the notice requirements of section 51.002 of the Texas Property Code.

Second, Plaintiffs have produced copies of checks for their mortgage payments for July, August, and September of 2021. (Doc. #83 at 2-3). Plaintiffs' summary judgment evidence indicates that Plaintiffs made each of the disputed mortgage payments, and (at the very least) each mortgage check was issued in time to cure any default on the mortgage. Plaintiffs also attached evidence showing that these checks all cleared by SDB Development (Plaintiffs' mortgage lender).[12] This demonstrates that there is a genuine issue of fact as to whether Plaintiffs were

---

[11] In their response (doc. #83 at 4) as well as several other filings, Plaintiffs mistakenly assert that, in order to comply with 51.002 (and, by extension, the FDCPA), Plaintiffs must have *received* the notice letter by certified mail. The undersigned writes to clarify to Plaintiffs that, under 51.002(e) of the Texas Property Code, Defendants need only have *sent* the notice letter to Plaintiffs by certified mail—notice under 51.002(b)(3) is "complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). Under the statute, Plaintiffs' receipt of the notice letter is not necessary.

[12] The undersigned further observes that Plaintiffs' summary judgment evidence indicates that, although the checks were written on the 10th of each month, SDB Development did not clear the checks until November 12, 2021, ten days *after* the date of the foreclosure sale. This suggests that SDB Development held onto the checks, foreclosed on the property, and then took Plaintiff's funds.

13

actually in default on their mortgage payments and, thus, whether Defendants did not have a present right to possess Plaintiffs' home in violation of section 1692f(6)(A) of the FDCPA.

Thus, had Defendants met their initial burden as movants, the undersigned finds that Plaintiffs have met their summary judgment burden as nonmovants. Accordingly, Defendants' Motion for Summary Judgment (doc. #78) must also be denied on this third and final ground.

## IV. Conclusion

For the parties' clarity, the undersigned finds as follows:

1. Defendants are not entitled to summary judgment on the ground that there is no subject matter jurisdiction over this suit. *Supra* § III.A.

2. Defendants are not entitled to summary judgment on the ground that they did not violate section 1692f(6) of the FDCPA for three independent reasons, each of which is sufficient to deny summary judgment:

    a. First, Defendants did not meet their initial burden as movants to demonstrate an absence of a genuine issue of material fact as to whether Defendants had a present right to possess Plaintiffs' home under section 1692f(6)(A) of the FDCPA with respect to the certified mail notice requirements of section 51.002 of the Texas Property Code. *Supra* § III.B.2.i

    b. Second, Defendants did not meet their initial burden as movants to demonstrate an absence of a genuine issue of fact as to whether Defendants had a present right to possess Plaintiffs' home under section 1692f(6)(A) of the FDCPA with respect to whether Plaintiffs were actually in default on their mortgage payments. *Supra* § III.B.2.ii

    c. Third, even if Defendants had met their initial burden as movants, Plaintiffs have met their burden as nonmovants to demonstrate there is a genuine issue of material fact as to whether Defendants violated section 1692f(6) of the FDCPA by either foreclosing on Plaintiffs' home when Plaintiffs were not in default and/or failing to comply with the certified mail notice requirements of section 51.002 of the Texas Property Code. *Supra* § III.B.3.

Accordingly, the undersigned finds that Defendant's Motion for Summary Judgment (doc. #78) must be denied.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment (doc. #78) be **DENIED**.

## VI. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 1st day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE