FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 05 2023

BY
DEPUTY_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS BEAUMONT DIVISION

| | | |
|---|---|---|
| Percy Twain Barber, and spouse § <br> Maria Barber § <br> **Claimants** § <br> v. § <br> _____ § <br> § <br> S.D.B. DEVELOPMENT, L.P., a § <br> Texas Limited Partnership, President <br> Stephen D. Brown and, <br><br> THOMAS J. BURBANK, P.C., <br> Attorney Thomas J. Burbank, <br> **Respondents** | | CIVIL ACTION NO. 1:21-CV-539 <br><br> **AFFIDAVIT** |

## AFFIDAVIT FOR SANCTIONS AGAINST DEFENDANTS FOR NON-DISCLOSURE

Comes now Percy Twain Barber, the Affiant, and does solemnly affirm that the statements herein are true and correct in substance and in fact, to writ:

1. On April 13th, 2023, Magistrate Judge Christine L. Stetson filed an "Order on Discovery" and stated "It is ORDERED that the parties, if they have not already done so, complete initial disclosures on or before April 21, 2023." (Document 85 Filed 04/13/23 Page 4 of 4 Pages).

2. Magistrate Judge Stetson then filed "ORDER DENYING PLAINTIFFS' MOTION TO COMPEL (Doc. #96)" where she stated, "Since Plaintiffs state that this discovery request was served on Defendants via email and fax on April 18, 2023, Defendants' answers are not due until May 18, 2023."

3. On May 17th, 2023, Defendants mailed a reply to Claimants Discovery request by stating "counsel has provided everything to Plaintiffs that are in his possession" to all 14 of their requests. The Defendants has not sent any documents/information in regard to their requests in accordance with **Federal Rule of Civil Procedure 26**. (EXHIBIT A)

4. Defendants filed "CERTIFICATE OF WRITTEN DISCOVERY DIRECTED TO PLAINTIFFS, PERCY BARBER and MARIA BARBER" but did not attach or state anything in reply to Claimants Discovery Request dated April 18, 2023.

5. The Defendants are trying to mortify the Claimants by failing to send the required documents, knowing that the Claimants have signed the mortgage promissory note and other documents at Thomas J. Burbank's law firm office December 13th, 2011, with Attorney Eddie R. Schroeder. Claimants have an original copy of parts of the mortgage contract listed as File No. 11-0611 in Burbank's Law Firm Records, **FILED and RECORDED in Jefferson County Clerk Office # 2011040247 & # 2011040248** on the Date December 15, 2011, Jefferson County, Texas. (EXHIBIT B)

6. Claimants demand the Honorable Court to compel the Defendants to provide the documents the Claimants requested in regards of the Barbers' private property pursuant to **Federal Rule of Civil Procedure 26**.

The Federal Court has broad discretion to sanction Defendant Thomas J. Burbank for his spoliation, which has caused unfair prejudice to the Claimants and undermined the integrity of the discovery process. *Flury, 427 F.3d at 944* (noting that "sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process")[1].

This Court has recognized that sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure are appropriately applied where a party fails to comply with Rule 26(e). *See e.g., Bray & Gillespie Management LLC v. Lexington Insurance Co., 2009 U.S. Dist. LEXIS 122196, *58-59 (M.D. Fla. Aug. 3, 2009).*

Accordingly, this Court should exercise its power pursuant to Rule 37 of the Federal Rules of Civil Procedure to sanction Defendant Thomas J. Burbank for either his failure to provide good faith, truthful discovery responses or his failure to supplement his discovery responses.

Additionally, the Court may exercise its authority under Rule 37 to sanction discovery abuses such as Burbank's spoliation. *Optowave Co., 2006 U.S. Dist. LEXIS 81345 at *23* ("Federal Rule of Civil Procedure 37 also authorizes a panoply of sanctions for a party's failure to comply with the rules of discovery. … Although Rule 37(b) applies when a party fails to comply with a court order, Rule 37(d)'s requirement that a party participate in discovery that is not regulated by the court expressly adopts most of the sanctions in Rule 37(b)(2), including the power to grant a default judgment.")

Given the variety of sanctions available, the Court must choose the appropriate level of sanctions necessary to punish Burbank for his conduct. This Court may consider three factors when determining the type of sanctions to issue for spoliation of evidence: (1) the willfulness or bad faith of Burbank; (2) the degree of prejudice sustained by Claimants/Plaintiffs; and (3) what is required to cure the prejudice. *St. Cyr, 2007 U.S. Dist. LEXIS 42502 at *12-13.*

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp., 2009 U.S. App. LEXIS 1986 (11th Cir. Feb. 2, 2009) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)).* Because spoliation undermines the integrity of the judicial process, it is strictly prohibited. *See, Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005).*

### The requests are reasonably calculated to lead to admissible evidence at trial.

Rule 26(e) places upon a party the obligation to supplement disclosures and discovery "whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." *See Fed.R.Civ. P. 26 Advisory Comm. Notes (1993).*

Litigants ought to be able to rely upon the opposing party's discovery responses as being truthful. In fact, Rule 26 of the Federal Rules of Civil Procedure imposes "an affirmative duty to engage in pretrial discovery in a responsible manner." "Those who lie, evade and fail to tell the whole truth obviously enjoy an advantage over honest litigants." *Chemtall, 992 F. Supp. at 1409.*

a. Produce any and all DOCUMENT(S) relating to any order or request to initiate a non-judicial foreclosure to the Claimants with all Certified mail.

b. Produce the 'Original Promissory Note (front and back) associated with the Loan from your Agency / Entity / Persons to the Borrowers.

c. Produce the 'Deed of Trust' associated with the Loan to the Borrowers.

d. Produce the 'Deposit Slip' for the Deposit of the Borrowers 'Promissory Note associated with the Loan.

e. Produce the 'court order' that granted S.D.B. DEVELOPMENT, L.P the right to "re-purchase" and sale the Barbers' Private Property with a signature.

---

[1] See also St. Cyr, 2007 U.S. Dist. LEXIS 42502 at *11-12 ("Federal courts possess the inherent power to regulate litigation, and broad discretion to sanction litigants for abusive practices. … If a court determines that a sanction for spoliation of evidence is warranted, the, determination of an appropriate sanction … is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis.'" (quoting Optowave 2006 U.S. Dist. LEXIS at *37)).

**Claimants will continue to provide facts and evidence that proves that the Defendants are in violation of the law of the land. Defendants violated *Tex. Gov't Code Ann.§ 27.031(b)(4) (Vernon Supp. 2011).*__

Failure to answer these discovery requests would violate the rules and create an unfair advantage for the defendants.

Failure to answer these discovery requests would prejudice any defenses raised by the claimants.

Rule 26(e) places upon a party the obligation to supplement disclosures and discovery "whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." *See Fed.R.Civ. P. 26 Advisory Comm. Notes (1993).*

In addition to the powers set forth in the Federal Rules of Civil Procedure, Federal courts possess the inherent power to sanction parties who conduct litigation in bad faith or who perpetrate a fraud upon the court. *Chambers v. NASCO, Inc., 501 U.S. 32, 43-51 (1991); Vargas v. Peltz, 901 F. Supp. 1572, 1581-82 (S.D. Fla. 1995).* "The key to unlocking a court's inherent power is a finding of bad faith." *Allapattah Servs., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005)* (citation omitted) (striking defendant's affirmative defenses through inherent powers doctrine). Bad faith exists where a party "[defiles the] very temple of justice" by committing a fraud on the court, or "knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Id.* (citing *Chambers, 501 U.S. at 46*); *See, Malautea v. Suzuki Motors, Co., 987 F.2d 1536, 1545 (11th Cir. 1993)* (quoting *Hutto v. Finney, 437 U.S. 678, 689 n. 14 (1978)*) (finding that a court may appropriately sanction a party or attorney who "shows bad faith by delaying or disrupting the litigation."). The imposition of sanctions under the inherent powers doctrine serves the dual role of "vindicating judicial authority" and providing redress for the litigants who bear the brunt of a party's bad faith acts. *See, Chambers, 501 U.S. at 46.* Although the court's inherent powers should be exercised with restraint, the courts have complete discretion to fashion appropriate sanctions for conduct that abuses the judicial process. *Id., at 44-45.* As a result, a robust body of case law has developed in which federal courts have employed various means to sanction parties for assorted bad faith acts and unconscionable schemes.

## CONCLUSION

Burbank refused to send documents that contribute to evidence as requested by the Claimants and Judge's "Order on Discovery". Burbank's refusal to submit requested documents was intentional and for no reason other than to hamper the Claimants' ability to prove its case.

Accordingly, Claimants have been prejudiced by the lack of evidence held in his possession, and sanctions are appropriate to cure the prejudice. Likewise, Claimants have been harmed by Burbank's prosecution of a frivolous "CERTIFICATE OF WRITTEN DISCOVERY DIRECTED TO PLAINTIFFS, PERCY BARBER and MARIA BARBER" given to the Court.

**WHEREFORE**, Claimants request that this Court enter an Order sanctioning Defendant, THOMAS J. BURBANK, as follows:

1. Allow Claimants to submit evidence at the trial of this action pertaining to Burbank's withholding of the discoverable documents;

2. instruct the jury that it should determine that the withheld evidence was highly adverse to Burbank;

3. grant such other and further relief as this Court deems just and proper, including without limitation the quantum of damages.

## MOST RESPECTFULLY PRESENTED.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Respectfully presented this 5th day of June 2023.

Prepared and presented by: _____

Percy Twain Barber, Affiant, Sui Juris, All Rights Reserved.

**Texas Notarial Certificate**
**(Jurat)**

The State of Texas   )
County of Jefferson  ) ss.

BE IT REMEMBERED, that on this **5th** day of the **6th** month, in the year of our LORD, **two thousand twenty-three**, appeared before me, a Notary Public for the State of Texas and proved to my satisfaction that Percy Twain Barber, is the natural person whose name is subscribed to this document, and acknowledged the due execution of the foregoing instrument.

_____
Notary Public Sitting in, and for, The State of Texas

Commission expires: 4/22/2026

KAYLA SIDES
Notary Public, State of Texas
Comm. Expires 04-22-2026
Notary ID 133723014

Dated: June 05, 2023
Percy Twain Barber
c/o 6120 College Street Unit 120
Beaumont, Texas [77707]

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing Affidavit for Sanctions Against Defendants for Non-Disclosure, was served upon the following via Hand Delivery and Certified Mail on June 05th, 2023.

UNITED STATES DISTRICT COURT
300 Willow Street, Suite 104
Beaumont, TX 77701-2217
**Hand Delivery**

THOMAS J. BURBANK, P.C.
Attorney Thomas J. Burbank,
State Bar No. 03355340
505 West Lucas Drive
Beaumont, Texas 77706
**Certified Mail:  7020 0640 0001 3776 5266**

Dated: June 05, 2023
Percy Twain Barber
c/o 6120 College Street Unit 120
Beaumont, Texas [77707]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT

| | | |
|---|---|---|
| PERCY TWAIN BARBER and<br>MARIA BARBER<br>vs.<br><br>THOMAS J. BURBANK, PC and<br>THOMAS J. BURBANK, ATTORNEY | §<br><br>§<br><br>§ | 1:21-cv-00539 |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR DISCOVERY

TO:   Plaintiffs, Percy Barber and Maria Barber, 6120 College Street, Unit 120, Beaumont, Texas 77707.

Pursuant to the Federal Rules of Civil Procedure, Defendants, Thomas J. Burbank, PC and Thomas J. Burbank, Attorney, serves the attached responses to discovery requests.

Respectfully submitted,

By: /s/ Thomas J. Burbank
Thomas J. Burbank
Texas Bar No. 03355340
Email: burbank_hamm@yahoo.com
505 West Lucas
Beaumont, Texas 77706
Tel. (409) 895-0200
Fax. (409) 895-0080
Attorney for Defendants

Exhibit A

## CERTIFICATE OF SERVICE

I certify that on May 17, 2023 a true and correct copy of Defendants' Responses to Discovery Requests were served upon the Plaintiffs as follows:

6120 College Street, Unit 120
Beaumont, Texas 77707.

/s/ Thomas J. Burbank
Thomas J. Burbank

Exhibit A

## RESPONSES TO DISCOVERY REQUESTS

1. Produce any and all documents relating to any order or request to initiate a non-judicial foreclosure to the Claimants with all certified mail. If none, state "none".

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

2. Produce the "Original Promissory Note" (front and back) associated with the Loan from your Agency/Entity/Persons to the Borrowers.

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

3. Produce any "Allonge", "Bill of Exchange", and/or "Promissory Note" (front and back) complete with any "Affixations" or "Allocations" attached to the "Borrowers Promissory Note" for "Endorsements".

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

4. Produce all Bookkeeping Journal entries associated with the Loan to the Borrowers.

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

5. Produce the "Deed of Trust" associated with the Loan to the Borrowers.

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

6. Produce all "Call Reports" and related "Notes" made for the period covering the Loan.

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

7. Produce the "Deposit Slip" for the Deposit of the Borrowers "Promissory Note" associated with the Loan.

   **RESPONSE:** Counsel has provided everything to Plaintiffs that is in his possession.

8. Produce the "Original Order" authorizing the withdrawal of funds from the Borrower's "Promissory Note" Deposit Account.

*Exhibit A*

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

9. Produce the "Account Number" from which the money came to fund the "Check" given to the "Borrowers".

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

10. Produce "Verification" that the Borrowers "Promissory Note" was a "Gift" to the "Lender" from the Borrowers.

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

11. Produce to the Claimants where it states in the Texas Disciplinary Rules of Professional Conduct or Texas law for an attorney or lawyer to take the law into their own hands.

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

12. Produce the "court order" from THE JUSTICE OF PEACE COURT, PRECINCT 1, PLACE 1, JEFFERSON COUNTY with a signature to evict the Barbers' family from there domicile, granting permission to burglarize the property using BRUCE'S LOCKSMITH and all CONSTABLE Officers present on September 19, 2022. If you cannot produce the "court order" all parties trespassed on private property.

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

13. Produce the "court order" that grants S.D.B. DEVELOPMENT, L.P. that right to sale the Barbers' private property with a signature on current case in federal court since October 28, 2021, while was stated in the "Notice of Removal" acknowledged and stamped by THE JUSTICE OF PEACE COURT, PRECINCT 1, PLACE 1.

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

14. Produce where in the Constitution for the great State of Texas and the United States of America that states taking private property without just compensation is NOT A VIOLATION.

      **RESPONSE:**    Counsel has provided everything to Plaintiffs that is in his possession.

Exhibit A

## SELLER'S CLOSING STATEMENT

Settlement Data on property known as:                     Date: December 13th, 2011

    Lot Fourteen (14), in Block Five (5), of the GULF TERRACE ADDITION to the City of Beaumont, Jefferson County, Texas, as per the map or plat of said addition on file and of record in Volume 5, Pages 49 and 50, of the Map Records in the Office of the County Clerk of Jefferson County, Texas, also known as 9015 Mclean Street, Beaumont, Texas 77707.

| | | | |
|---|---|---|---|
| Seller: | | Purchasers: | |
| S.D.B. DEVELOPMENT, L.P. | | PERCY TWAIN and MARIA ISABEL BARBER | |
| Sales Price: | | | $152,000.00 |
| | GROSS BALANCE DUE SELLER | | $152,000.00 |
| Less - | Consideration Paid Heretofore | $ 7,000.00 | |
| | 1st Lien Note | $145,000.00 | |
| | All Taxes Prorated | ($ 2,425.53) | |
| | Prorated from 01-01-11 to 12-13-11 | | |
| | TOTAL CREDITS | | $152,000.00 |
| | BALANCE DUE FROM SELLER | | $   --0-- |

The data shown above is based on figures obtained from other sources and we cannot guarantee the accuracy thereof. Tax prorations are based on figures showing on last tax due or estimates of the current year's taxes, and in the event of any change for the current year all necessary adjustments will be made between the undersigned and the Purchaser. The undersigned hereby acknowledged receipt of the original of this statement.

                                            S.D.B. DEVELOPMENT, L.P., a
                                            Texas Limited Partnership

                                            By:  BROWNSTONE INVESTMENT
                                                     CORPORATION, General Partner

                                            By:_____
                                               STEPHEN D. BROWN
                                               Its: President

                                            Taxpayer No._____

                                            Mailing Address - After Closing:
                                            2970 WEST LUCAS
                                            BEAUMONT, TEXAS 77706

FILE NO. 11-0611
CLOSER: EDDIE R. SCHROEDER
EDDIE R. SCHROEDER
    ESCROW FEE        $ 300.00
    DOC PREP FEE     $ 410.00
    RECORDING FEE   $  72.00
TOTAL:                         $ 782.00

# EXHIBIT B