IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERCY TWAIN BARBER and MARIA BARBER, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:21-CV-00539 |
| LAW OFFICES OF THOMAS J. BURBANK and THOMAS J. BURBANK, | § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendants*. | § § | |

## **JURY INSTRUCTIONS**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments

rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

### Party Definitions

1. **"Plaintiffs"** refers to Percy Twain Barber and Maria Barber.
2. **"Defendants"** refers to Thomas Burbank and Law Offices of Thomas J. Burbank.
3. **"Thomas Burbank"** refers to Defendant, Thomas Burbank.
4. **"Law Offices of Thomas J. Burbank, P.C."** refers to Defendant, Law Offices of Thomas J. Burbank, P.C.

### Burden of Proof

Plaintiffs have the burden of proving their claim against Defendants by a preponderance of the evidence. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then Plaintiffs may not recover on that claim.

To "establish by a preponderance of the evidence" means to prove something is more likely so than not so.

### Consideration of the Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you

can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### No Inference From Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### Damages

If you find that Plaintiffs have proved their claim against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are to recover money from Defendants.

### Compensatory Damages

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injury. If Plaintiffs win, they

are entitled to compensatory damages for their economic damages and for mental anguish that they have suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs proves were proximately caused by Defendants' wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

# QUESTION 1

Did Plaintiffs prove by the preponderance of the evidence that Thomas Burbank is a debt collector?

Thomas Burbank is a debt collector if the principal purpose of his business is the enforcement of security interests, which includes non-judicial foreclosures.

**Answer "Yes" or "No."**

Answer: _____

## QUESTION 2

Did Plaintiffs prove by the preponderance of the evidence that Law Offices of Thomas J. Burbank, P.C. is a debt collector?

Law Offices of Thomas J. Burbank, P.C. is a debt collector if the principal purpose of its business is the enforcement of security interests, which includes non-judicial foreclosures.

**Answer "Yes" or "No."**

Answer: _____

**If you answered "No" to both Question 1 and Question 2, do not answer the remaining questions.**

## QUESTION 3

Did Plaintiffs prove by the preponderance of the evidence that Thomas Burbank took action to conduct a non-judicial foreclosure of their property when they were not in default on their mortgage?

**Answer "Yes" or "No."**

Answer: _____

## QUESTION 4

Did Plaintiffs prove by the preponderance of the evidence that Thomas Burbank took action to conduct a non-judicial foreclosure of their property without providing them proper notice?

Thomas Burbank provided Plaintiffs with proper notice if, at least 21 days before the date of the sale, he served written notice of the sale by certified mail on each Plaintiff by depositing the certified mail in the United States mail, with postage prepaid, and addressed to the Plaintiffs at their last known address.

**Answer "Yes" or "No."**

Answer: _____

**Only answer Question 5 if you answered "Yes" to Question 3 and/or Question 4.**

## QUESTION 5

Did Plaintiffs prove by the preponderance of the evidence that Thomas Burbank was acting in the course and scope of his employment for, or on behalf of, Law Offices of Thomas J. Burbank, P.C. when he took action to conduct a non-judicial foreclosure of their property?

**Answer "Yes" or "No."**

Answer: _____

**Only answer Question 6 if you answered "Yes" to Question 3 and/or Question 4.**

## QUESTION 6

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their economic damages, if any, that resulted from the actions that Thomas Burbank took to conduct a non-judicial foreclosure of their property?

**Answer, in dollars and cents, for economic damages, if any.**

Answer: $ _____

**Only answer Question 7 if you answered "Yes" to Question 3 and/or Question 4.**

## QUESTION 7

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their mental anguish, if any, that resulted from the actions that Thomas Burbank took to conduct a non-judicial foreclosure of their property?

**Answer, in dollars and cents, for mental anguish damages, if any.**

Answer: $_____

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED this 8th day of August, 2023.

Michael J. Truncale
United States District Judge